FILED

DANIEL Y. ZOHAR, SBN 177866
LORI N. SCHROEDER SBN 149926
ZOHAR LAW FIRM, P.C.
601 S. Figueroa Street, Suite 2675
Los Angeles, CA 90017
Telephone: (213) 689-1300
Facsimile: (213) 689-1305
lschroeder@zoharlawfirm.com
dzohar@zoharlawfirm.com

Attorneys for Plaintiffs, L.A. ART MACHINE,
JASON HAILEY (AKA CHOR BOOGIE),
KALEN OCKERMAN (AKA MEAR ONE),
DAVID LEW (AKA SHARK TOOF)

2011 NOV 14  AM 11: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALEN OCKERMAN, aka Mear One, an individual; JASON HAILEY, aka Chor Boogie, an individual; DAVID LEW, aka Shark Toof, an individual; L.A. ART MACHINE, a California limited liability company;<br><br>                    Plaintiffs,<br><br>    vs.<br><br>ANSCHUTZ ENTERTAINMENT GROUP, INC., a corporation; OLYMPIC AND GEORGIA PARTNERS, LLC., a limited liability company,; and DOES 1-10;<br><br>                    Defendants. | Case No. **CV 11 - 9 4 2 2 - SS**<br><br>**COMPLAINT FOR:**<br>**1) Violation of Visual Artists Rights Act of 1990 (17 U.S.C. § 106A)**<br>**2) Violation of the California Art Preservation Act (Cal. Civ. Code § 987)**<br>**3) Conversion**<br>**4) Negligence**<br>**5) Breach of Contract** |

///

///

///

///

///

- 1 -
COMPLAINT

Plaintiffs allege as follows:

## THE PARTIES

1.   Plaintiff Kalen Ockerman, aka Mear One, an individual, (hereafter referred to as "Mear One") is and has been at all material times a resident of Los Angeles, California.  Mear One is a legendary street artist and is well-known for his politically-themed works, city-wide mural installations, and featured album covers and clothing graphics for music artists such as Limp Bizkit and Guns N' Roses, among others.

2.   Plaintiff Jason Hailey, aka Chor Boogie, an individual, (hereafter referred to as "Chor Boogie") is and has been at all material times a resident of San Francisco, California.  Chor Boogie has created murals in cities on five continents and painted portraits for Jay Z and Hugh Hefner, but may be best known for his mural painted on a portion of the Berlin Wall in 2010, valued at more than 500,000 Euros.

3.   Plaintiff David Lew, aka Shark Toof, an individual, (hereafter referred to as "Shark Toof") is and has been at material times a resident of Los Angeles, California.  Shark Toof is a well-recognized street artist whose works have been exhibited throughout the United States.  Shark Toof is best known for his iconic wheatpaste of a hand drawn shark head.

4.   Mear One, Chor Boogie, and Shark Toof shall sometimes be referred to collectively as the "Artists."

5.   Plaintiff L.A. Art Machine, LLC (hereafter "LAAM"), a California limited liability company, is and has at all material times been doing business in Los Angeles, CA.  LAAM is an arts organization based in Los Angeles that produces an online art publication, organizes art events, curates exhibitions, and advocates for a continuing and vital art community on all levels. It was founded, and is run by, Bryson Strauss, who is an internationally recognized gallery and

museum curator.  LAAM, by agreement with the Artists, has at all material times held a pecuniary interest in their artwork that is the subject of this lawsuit.

6.     Defendant OLYMPIC AND GEORGIA PARTNERS, LLC., a limited liability company, (hereafter "OGP") based on information and belief, is and has been doing business at all material times in Los Angeles, California and owns the luxury condominium complex commonly known as the "Ritz Carlton Residences at L.A. Live" located in downtown Los Angeles.

7.     Defendant ANSCHUTZ ENTERTAINMENT GROUP, INC., a corporation, (hereafter "AEG") based on information and belief, is and has been at all material times doing business in Los Angeles, California and is the managing member of OGP.   Plaintiff is informed and believes that AEG, in addition to owning the Ritz Carlton Residences at L.A. Live through OGP, owns the adjacent Staples Center and is a large sports and entertainment conglomerate.

8.     Plaintiffs are ignorant of the true names or capacities of the defendants sued herein under fictitious names DOES ONE through TEN, inclusive. Plaintiffs will seek leave to amend the complaint when the names and identities of these fictitiously named defendants become known after further discovery.  Plaintiffs are informed and believe and, based upon such information and belief, allege that each of said defendants DOES ONE through TEN was and is responsible in some manner or capacity for the events stated herein and caused injury and damage to Plaintiffs.  Each reference in this complaint to "defendant," or "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

9.     Plaintiffs are informed and believe and, based upon such information and belief, allege that each defendant was the agent, servant, employee and joint venturer of each other defendant, and all acts hereinafter alleged to have been done or committed by each defendant were done or committed within the course and scope of said agency, service, employment and joint venture.

## JURISDICTION AND VENUE

10.     Venue is proper in this District under 28 U.S.C. § 1391(b).

11.     This court has jurisdiction of the Visual Artists Rights Act ("VARA") claim under 17 U.S.C. 106A and 28 U.S.C. § 1338(a).

12.     This court has pendent jurisdiction of the other causes of action under 28 U.S.C. § 1338(b).

## FACTUAL BACKGROUND

### -- The Event

13.     AEG, through OGP, owns the Ritz Carlton Residences at LA Live—a luxury condominium complex in downtown Los Angeles. Defendants sought to attract wealthy potential buyers to some of their vacant high-end properties, which included some of the most expensive units in the city of Los Angeles.

14.     In January 2011, the Los Angeles Art Show ("LAAS"), in conjunction with the Fine Art Dealers Association ("FADA"), was scheduled to take place at the Los Angeles Convention Center, attracting many artists and patrons of art. Looking to benefit from that event, Defendants scheduled their own promotional event on opening night—a "Patron-only after-party" at the Ritz Carlton Residences, that would attract affluent art patrons who had earlier paid $500 per ticket to attend the opening of LAAS. (This after-party will be referred to as the "Event").

15.     Defendant AEG reached an agreement with LAAS and FADA for them to arrange to supply artwork to display at the Event. This would include featuring artists in their crown-jewel property, the 51st floor two story penthouse of the Ritz Carlton Residences, which Plaintiffs are informed and believe was listed at a value of $9 Million (and at that point in time remained unsold). LAAS and FADA thereafter reached out to Bryson Strauss, owner of Plaintiff, LA Art

Machine, to curate the part of the Event taking place in the penthouse, including choosing which artists would be displayed at that celebrated portion of the Event. Defendants advised that it was important to them that artists be featured who would attract affluent guests who would have the financial means to be considered possible buyers of the penthouse unit.

### -- World Class Artists Are Brought in by LAAM

16.   Mr. Strauss came through in flying colors, attracting several renowned artists that would be featured at the Event, including Shepard Fairey, one of the most recognized artists in the world,[1] and three well-known California "street artists," Plaintiffs Chor Boogie, Shark Toof and Mear One, whose works had been displayed at museums and art shows throughout the world.

17.   Strauss and the Artists worked closely with Defendants' representatives leading up the to the Event, including Laurie Miskuski, the Director of Sales and Marketing for AEG, and Kent Warden, the Project Executive for AEG, and others.  Numerous conversations took place where the parties discussed the installation of the artwork, the logistics of the Event, and the eventual deinstallation of the artwork at the conclusion of the Event. Specifically, Defendants were advised by Strauss, and Defendants acknowledged and agreed through Miskuski and others, that when it was time to remove the artwork after the Event, the deinstallation needed to be done professionally and overseen by LAAM and the Artists in order to preserve the integrity of the artwork.

18.   Specifically, Chor Boogie, Shark Toof and Mear One created and installed the following artwork for display at the Event:

a.  Mear One –

---

[1] Mr. Fairey is widely known for his Barack Obama "Hope" poster, used in the 2008 presidential election.

i.  Three Untitled Murals, Acrylic on Panel, Approximately 96 x 360 inches (8 x 30 feet)[2]

b.  Shark Toof –

i.  Waves of Script,  Spray Paint on Panel, Approximately 96 x 240 inches (8 x 20 feet)

ii.  Star  Spangled  Shark  Toof,  Mixed  Media  on  Panel, Approximately 96 x 180 inches (8 x 15 feet)[3]

c.  Chor Boogie

i.   The Color Transition of the Chor Boogie Expression, Spray Paint on Panel, Approximately 48 x 420 inches (4 x 35 feet)

ii.  Boogie Birds, Spray Paint on Panel, Approximately 43 x 144 inches (3.5 x 12 feet)[4]

19.    These  pieces  will  sometimes  be  referred  to  collectively  as  the "Artwork."

20.    The Event took place on January 19, 2011 and was a great success. The work displayed at the Event by Shepard Fairey, which boasted a combined value  of  $48,000,  was  sold  within  four  days  following  the  Event.    Fairey's artwork  was  then  removed.  However,  Defendants  were  so  thrilled  with  the affluent crowd that had been attracted to their condominium complex, they asked Plaintiffs, through Miskuski, if they could continue to display the Artwork by Chor  Boogie,  Mear  One  and  Shark  Toof  for  an  extended  period  of  time. Defendants intended to continue showing the properties, including the penthouse where these works were displayed, and hoped that the works by these renowned

---

[2] Photographs of some of Mear One's works taken at the Event are attached hereto as Exhibit 1 and hereby incorporated by reference.

[3] Photographs of some of Shark Toof's works taken at the Event are attached hereto as Exhibit 2 and hereby incorporated by reference.

[4] Photographs of some of Chor Boogie's works taken at the Event are attached hereto as Exhibit 3 and hereby incorporated by reference.

artists would help attract potential buyers for the property.  Defendants explained that the continued exposure for the Artists to wealthy visitors would further promote their art and perhaps result in similar sales to that of Shepard Fairey's work.

21.     On behalf of the Artists, Strauss and LAAM agreed to allow the Artwork to continue to be displayed after the Event.   Strauss made clear, though, as had been discussed many times before, that the Artwork continued to be owned by the Artists and could only be deinstalled professionally under the supervision of LAAM.

### -- The Artwork Is Destroyed by AEG and OGP

22.     Several months elapsed and during that time, Defendants continued to show the penthouse unit and the Artwork to prospective buyers.

23.     Then on or around June 25, 2011, rather than contact Strauss or the Artists directly, Defendants contacted a representative of FADA and asked her to relay to Mr. Strauss that it was time to de-install the Artwork. She informed Strauss, who then notified, in writing, Kimberly Lucero and Rishi Idnani, both employees of Defendants, as to when the Artwork would be deinstalled.

24.     In response, on July 1, 2011, Rishi Idnani, Residential Live Leader, wrote to Mr. Strauss to arrange for the pick up, stating that " We would be more than happy to escort your team to Unit 51D to retrieve the artwork. Please let us know when they plan to be on site, as we can notify our Security team to provide an escort to the unit. We would need to ensure the artwork is being taken through the Service Elevators. Therefore, the more specific time you have for the pick up, it will be easier to coordinate with everyone else."

25.     Strauss and Defendants' representatives then agreed on a date and time for the deinstallation.  However, only days later, Kent Warden, the Project Executive for AEG, wrote to Strauss to explain that the Artwork had been destroyed by Defendants, saying that: "I instructed the contractor to remove the

panels, which for the longest time were just sitting stacked in the unit. They must have recently been removed as part of clean up of these floors, and can only have ended up in the dumpster. We have looked throughout the basement levels and confirmed that the panels have not been stored elsewhere in the building."

26.     Plaintiffs were shocked by this admission by Defendants and immediately demanded payment based on the fair market value of the Artwork. Defendants responded to Plaintiffs' requests by refusing to take any responsibility for their destruction of the Artwork and refusing to pay any compensation to Plaintiffs.

## FIRST CAUSE OF ACTION

### By Mear One, Chor Boogie and Shark Toof

### Against all Defendants For Violation of the Visual Artists Rights Acts

### (17 U.S.C. 106A)

27.     Plaintiffs hereby incorporate by reference paragraphs 1 through 26 as if fully stated herein.

28.     Mear One, Chor Boogie and Shark Toof, the Artists, were each the authors and owners of those certain works of visual art referred to in this Complaint as the Artwork.

29.     All of the Artists are still living.

30.     The Artists never gave their consent to Defendants to destroy or mutilate their Artwork.

31.     The Artists are all well-recognized within the art community, as well as nationally and internationally. The destroyed Artwork consisted of recognized works of art by renowned and reputable artists. The destroyed Artwork had been displayed for and viewed by the public, received publicity, and as acknowledged by Defendants, was of the type of art that was capable of attracting wealthy patrons to whom Defendants wished to show and sell their $9 Million penthouse.

32.     The Artwork consisted of works of a recognized stature.

33.     The Artwork consisted of personal artistic projects and not works for hire, in that the Artists had unfettered artistic freedom to create the Artwork, and Defendants had no control over the manner and means of creation.

34.     Defendants destroyed the Artwork intentionally and/or with gross negligence.

35.     Defendants' actions have caused damage to the Artists, both financially and to their reputations, in an amount according to proof.

36.     Plaintiffs have been compelled to hire an attorney at a reasonable rate in order to enforce their rights, and as such, will incur reasonable attorney's fees and costs.

37.     Plaintiffs are entitled to recover their reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

38.     Because Defendants acted willfully in destroying the Artwork, pursuant to VARA and the Copyright Act, the Artists are entitled to, and seek, penalties of up to $150,000 for each violation under 17 U.S.C. § 504(c).

### SECOND CAUSE OF ACTION
### By Mear One, Chor Boogie and Shark Toof
### Against all Defendants For Violation of the California Art Preservation Act
### (Cal. Civ. Code § 987)

39.     Plaintiffs hereby incorporate by reference paragraphs 1 through 38 as if fully stated herein.

40.     The Artists are the persons who created the Artwork, which all were works of fine art of recognized quality as defined in Cal. Civ. Code § 987(b)(2).

41.     The Artists did not complete the Artwork under contract for commercial use by a purchaser and at all material times owned the artwork.

42.     The Artists are all still living.

43.    In or about July 2011, Defendants notified Plaintiffs that Defendants had destroyed the Artwork, and Defendants did in fact destroy the Artwork.  Such destruction was intentional and/or grossly negligent.

44.    Defendants' actions have caused damage to the Artists, both financially and to their reputations, in an amount according to proof.

45.    Plaintiffs have engaged the Zohar Law Firm, P.C. to prosecute this action. Plaintiffs agreed to pay a reasonable fee.  Pursuant to Cal. Civil Code section 986(e)(4), Plaintiffs are entitled to recover reasonable attorney's fees and expert witness fees from Defendants.,

46.    By  intentionally  and  tortiously  causing  Plaintiffs  damage, Defendants have also been guilty of oppression, fraud and/or malice, and therefore Plaintiffs may recover punitive damages in an amount in an amount sufficient to punish Defendants and deter them from engaging in similar conduct with others pursuant to Cal. Civil Code section 986(e)(3).

## THIRD CAUSE OF ACTION

### Against all Defendants For Conversion

47.    Plaintiffs hereby incorporate by reference paragraphs 1 through 46 as if fully stated herein.

48.    At all times material to this Complaint, Plaintiffs had the right of ownership of the Artwork.

49.    At all times material to this Complaint, Plaintiffs had the right of possession of the Artwork.

50.    Defendants converted Plaintiffs' Artwork by wrongfully exercising dominion over such artwork and destroying it, without Plaintiffs' consent and in a manner inconsistent with Plaintiffs' property rights.

51.    As a proximate result of Defendants' conversion, Plaintiffs have suffered damages in an amount to be determined according to proof at trial.

52.   Defendants, in committing the conversion, acted with oppression, fraud, and/or malice and should be required to pay punitive damages in an amount sufficient to punish Defendants and deter them from engaging in similar conduct with others.

## FOURTH CAUSE OF ACTION
### Against all Defendants For Negligence

53.   Plaintiffs hereby incorporate by reference paragraphs 1 through 52 as if fully stated herein.

54.   Defendants owed a general duty to Plaintiffs of ordinary and reasonable care, and an affirmative duty not to destroy or mutilate the Artwork while it was being displayed at Defendants' premises at the Ritz Carlton Residences at L.A. Live.

55.   Defendants breached that duty by destroying Plaintiffs' Artwork without Plaintiffs' permission or consent, and against Plaintiffs' stated wishes.

56.   As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### Against all Defendants For Breach of Contract

57.   Plaintiffs hereby incorporate by reference paragraphs 1 through 56 as if fully stated herein.

58.   Plaintiffs and Defendants entered into an oral agreement whereby the parties agreed, among other things, that Plaintiffs would display their Artwork at Defendants' premises at the Ritz Carlton Residences at L.A. Live for Defendants' benefit in order to attract affluent potential clientele to their otherwise vacant condominiums. In return, Plaintiffs would receive publicity and recognition, as well as exposure of the Artwork to art patrons and potential

buyers of the Artwork. The parties agreed that the display would be temporary, that the Artwork was owned at all material times by Plaintiffs, and that only Plaintiffs could deinstall the Artwork upon being notified by Defendants to remove the artwork.

59.     The oral agreement between Plaintiffs and Defendants constitutes a valid and enforceable contract.

60.     Plaintiffs have performed all of their obligations and conditions under the contract.

61.     Defendants failed to perform their obligations under the contract by unilaterally removing and destroying the Artwork, among other things.

62.     Defendants' failure to perform their obligations was unjustified and/or unexcused.

63.     As a direct and proximate result of Defendants' breaches, Plaintiffs have suffered economic losses in an amount to be determined according to proof at trial.

WHEREFORE Plaintiffs pray for judgment as follows:

1.     As to all counts, for general and compensatory damages according to proof;

2.     As to Count I, for penalties of up to $150,000 per violation;

3.     As to Counts I & II, for attorney's fees;,

4.     As to Count II, for expert fees;

5.     As to Counts II and III, for punitive damages according to proof;

6.     For costs of suit;

7.     For interest, including prejudgment interest, as allowed by law; and

8.     For such other and further relief as may be just and equitable.

1   DATED:  November 14, 2011          ZOHAR LAW FIRM, P.C.

2

3

4                                      By _____
                                          Daniel Y. Zohar, Esq.
5                                         Attorney for Plaintiffs L.A. Art Machine,
                                          Jason Hailey (aka Chor Boogie), Kalen
6                                         Ockerman (aka Mear One), and David Lew
                                          (aka Shark Toof)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3

Plaintiffs hereby request trial by jury on all claims asserted.

4

5

6

7

DATED:  November 14, 2011          ZOHAR LAW FIRM, P.C.

8

9

By _____

10

Daniel Y. Zohar, Esq.
Attorney for Plaintiffs L.A. Art Machine,
11          Jason Hailey (aka Chor Boogie), Kalen
Ockerman (aka Mear One), and David Lew
12          (aka Shark Toof)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -
COMPLAINT

Exhibit 1

Exhibit 2



Exhibit 3



Daniel Y. Zohar (SBN: 177866)
Zohar Law Firm, PC
601 S. Figueroa St. #2675
Los Angeles, CA 90017
213-689-1300 tel.
dzohar@zoharlawfirm.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| Kalen Ockerman (aka Mear One); _See Attached_ | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)** | **CV11-9422** |
| v. | |
| Anschutz Entertainment Group, Inc.; _See Attached_ | **SUMMONS** |
| **DEFENDANT(S).** | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Daniel Y. Zohar_____, whose address is _601 S. Figueroa St. #2675 Los Angeles, CA 90017_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:     **NOV  1 4 2011**

By: _____
Deputy Clerk

MARILYN DAVIS

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1 | DANIEL Y. ZOHAR, SBN 177866
LORI N. SCHROEDER SBN 149926
2 | ZOHAR LAW FIRM, P.C.
601 S. Figueroa Street, Suite 2675
3 | Los Angeles, CA 90017
Telephone: (213) 689-1300
4 | Facsimile: (213) 689-1305
lschroeder@zoharlawfirm.com
5 | dzohar@zoharlawfirm.com

6 | Attorneys for Plaintiffs, L.A. ART MACHINE,
JASON HAILEY (AKA CHOR BOOGIE),
7 | KALEN OCKERMAN (AKA MEAR ONE),
8 | DAVID LEW (AKA SHARK TOOF)

9

10 | UNITED STATES DISTRICT COURT

11 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | KALEN OCKERMAN, aka Mear One, | Case No. **CV11-9422-SS**
13 | an individual; JASON HAILEY, aka
Chor Boogie, an individual; DAVID | **COMPLAINT FOR:**
14 | LEW, aka Shark Toof, an individual; | 1)**Violation of Visual Artists Rights Act**
L.A. ART MACHINE, a California | **of 1990 (17 U.S.C. § 106A)**
15 | limited liability company; | 2) **Violation of the California Art**
| **Preservation Act (Cal. Civ. Code §**
16 | Plaintiffs, | **987)**
| 3) **Conversion**
17 | vs. | 4) **Negligence**
| 5) **Breach of Contract**
18 | ANSCHUTZ ENTERTAINMENT
GROUP, INC., a corporation;
19 | OLYMPIC AND GEORGIA
PARTNERS, LLC., a limited liability
20 | company,; and DOES 1-10;

21 | Defendants.

22

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28

- 1 -
COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>L.A. Art Machine, a California limited liability company; Jason Hailey (aka Chor Boogie), an individual; Kalen Ockerman (aka Mear One), an individual; David Lew (aka Shark Toof), an individual | DEFENDANTS<br>Anschutz Entertainment Group, Inc.; Olympic and Georgia Partners, LLC. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Daniel Y. Zohar (SBN: 177866)<br>Zohar Law Firm, PC<br>601 S. Figueroa St. #2675, Los Angeles, CA 90017 (213)689-1300 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT. JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Visual Artists Rights Act of 1990 (17 U.S.C. § 106A) arising out of destruction of artwork

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-9422

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| L.A. Art Machine:  Los Angeles County; Jason Hailey (aka Chor Boogie): Marin County; Kalen Ockerman (aka Mear One): Los Angeles County; David Lew (aka Shark Toof): Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Anschutz Entertainment Group, Inc.: Los Angeles county ; Olympic and Georgia Partners, LLC.: Los Angeles county | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 11/14/2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |